CHARLES CARROLL, Judge
(dissenting)-
I respectfully dissent. The decision of this court affirms the holding of the trial court that under Chapter 484, Fla.Stat., F. S.A. a dispensing optician can prepare and dispense contact lenses, but cannot fit or adjust them, and that only a licensed physician or licensed optometrist can fit and adjust contact lenses.
Nowhere in the statute do I find a provision that contact lenses can be fitted and adjusted only by a licensed physician or licensed optometrist. On the contrary, by clear implication from .the language of § 484.01, dispensing opticians are authorized not only to prepare and dispense but also to fit and adjust contact lenses.
Section 484.01 includes a clause which prohibits “the sale of eye glasses, spectacles, artificial eyes, lenses, contact lenses and optical devices, except as herein provided, unless and until the dispensing optician has qualified with and obtained a license from the said state board of dispensing opticians.” That clause of § 484.01, by indirection, authorizes the sale of such items by one who is so licensed. The provision with reference to fitting and adjusting optical devices is in the last sentence of § 484.01, viz: “Natural persons, partnerships or corporations may engage in the trade or occupation of dispensing opticians, but each place of business maintained in the state shall have a duly licensed dispensing optician to supervise the preparing, fitting and adjusting of optical devices.” I am at a loss to understand how the term “optical devices,” as thus used in the statute with reference to the fitting and adjusting thereof, *740 can be said not to include contact lenses, when it is conceded that it does include all of the other kinds of optical devices which, with “contact lenses,” were listed above in that section.
Section 484.02 enumerates the things which dispensing opticians are prohibited from doing. Those'are that a dispensing optician “shall not engage in the diagnosis of the diseases of the human eye or attempt to determine the refractive powers of the human eyes or, in any manner, attempt to prescribe for or treat diseases or ailments of human beings.” The fitting or adjusting of contact lenses does not fall within the above listed prohibitions in the statute.
The majority opinion expressed the view that the beneficial purpose of Chapter 484 is to protect from harm the eyes of all of the people of Florida, and then, proceeding on an assumption that it would be contrary to the object and purpose of Chapter 484 to permit dispensing opticians to fit and adjust contact lenses, and that the statute should be construed to accomplish its beneficial purpose, held the statute does not authorize dispensing opticians to fit or adjust contact lenses. In my opinion that holding of the majority gives the statute a meaning contrary to its language, and in effect adds language to the statute. If the statute was felt to be unwise for not including, in the list of acts which it prohibited, the fitting and adjusting of contact lenses by dispensing opticians, that should be no concern of the court, but a matter for legislative attention and for amendment of the statute by the legislature, if it should deem such action necessary.
In fact, as shown in the record here, an unsuccessful effort was made in 1955 to amend this 1949 statute to include fitting and adjusting of contact lenses in the list of prohibited acts (refraction, diagnosis and treatment of the eye and of humans generally). Such a bill was introduced in the House of Representatives in 1955, but was not passed, when it received an adverse report of the committee on Public Health to which it was referred.
That significant action of the 1955 legislature should not be overlooked. The attempt to amend the statute in such respect shows that as originally worded it was considered to authorize dispensing opticians to fit and adjust contact lenses, and that an amendment was necessary if such action was to be prohibited. The legislature’s rejection of the proposed amendment furnishes basis to assume it did not consider such action by dispensing opticians to’ be harmful to the public; and the fact that for twenty years the statute has been construed and acted upon as authorizing dispensing opticians to fit and adjust contact lenses gives weight to the argument that by its wording it so authorized.
Accordingly, I would vote to reverse the judgment.